# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| MALIK M. JUSTIN,<br><br>    Plaintiff,<br><br>v.<br><br>INVENT HELP,<br><br>    Defendant. | Case No. 25-cv-03527-PHK<br><br>**ORDER TO SHOW CAUSE RE: FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDER**<br><br>Re: Dkt. 5 |

On April 22, 2025, Plaintiff Malik Justin, who is representing himself in this action, filed a complaint and an application to proceed *in forma pauperis* ("IFP"). *See* Dkts. 1-2. The Court denied Plaintiff's IFP application on July 2, 2025 for failure to provide sufficient information regarding his assets and liabilities from which the Court could determine whether or not Plaintiff is entitled to IFP status. [Dkt. 5]. The Court granted Plaintiff leave to file an amended IFP application by no later than September 2, 2025. *Id.*

The September 2, 2025 deadline for filing an amended IFP application has passed by approximately one month. To date, Plaintiff has neither filed an amended IFP application nor requested an extension of time from the Court to do so.

The Court's July 2, 2025 Order stated that "[s]hould Plaintiff fail to file an amended IFP application or pay the filing fee by **SEPTEMBER 2, 2025**, the Court may issue an order directing the Clerk to reassign this case to a District Judge along with a recommendation that this case be dismissed for failure to prosecute and/or comply with Court orders." *Id.* at 3 (emphasis in original).

The Court possesses the inherent power to dismiss an action *sua sponte* if a plaintiff fails

to prosecute their action or fails to comply with court orders. Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court orders). Plaintiff was previously informed, and is warned again by this **ORDER TO SHOW CAUSE**, that failure to comply with this Court's orders and failure to prosecute this case will result in negative consequences for Plaintiff's case, including a recommendation from the undersigned for the dismissal of this action. Specifically, failure to respond to this Order to Show Cause and failure to file an amended IFP application (or pay the filing fee) by the deadline will be found to be a failure to comply with this Court's orders and a failure to prosecute this lawsuit, which will lead to consequences adverse to Plaintiff's lawsuit.

Accordingly, the Court herein **ORDERS** that, by no later than **November 7, 2025**, Plaintiff **SHALL EITHER** (1) file an amended IFP application which addresses and cures the deficiencies noted by the Court's July 2, 2025 Order [Dkt. 5]; **OR** (2) forego IFP status and pay the $405 filing fee; **OR** (3) file a written response to this Order to Show Cause explaining why this action should not be dismissed for failure to prosecute this case or for failure to comply with this Court's directives and orders. To be clear, if Plaintiff files (by November 7, 2025) an amended IFP application curing the deficiencies noted in the July 2, 2025 Order, such a filing of an amended IFP application will be deemed to be a response to this Order to Show Cause and no other written response would be necessary.

If Plaintiff needs additional time to prepare and file an amended IFP application, Plaintiff shall explain why and how much additional time is needed in any written response filed by the November 7, 2025 deadline.

If Plaintiff fails to respond to this Order to Show Cause by the November 7, 2025 deadline set herein, the Court will issue a Report and Recommendation that this action be dismissed for failure to prosecute and failure to comply with court orders, and the Court will order this case be reassigned to a District Judge for consideration of and any action to be taken on that Report and Recommendation.

The Clerk of Court is directed to mail this Order to Show Cause to Plaintiff at his address

of record.

**IT IS SO ORDERED.**

Dated: October 2, 2025

_____
PETER H. KANG
United States Magistrate Judge